1

2

3

4                                   UNITED STATES DISTRICT COURT

5                               NORTHERN DISTRICT OF CALIFORNIA

6

7     LINDA MORALES, et al.,                       Case No.  16-cv-02429-EMC

8                      Plaintiffs,

9             v.                                    ORDER GRANTING DEFENDANT'S
                                                    MOTION TO DISMISS; AND DENYING
10    COUNTY OF MENDOCINO, et al.,                  DEFENDANT'S ADMINISTRATIVE
                                                    MOTION FOR LEAVE TO SUBMIT
11                   Defendants.                    SUPPLEMENTAL BRIEFING

                                                    Docket Nos. 58, 69
12

13

14            Plaintiffs are Linda and Rudolfo Morales and Ms. Morales's minor grandson K.B.

15    Plaintiffs have filed suit against the County of Mendocino, some of its employees, and two of

16    K.B.'s relatives – more specifically, his mother Buffey Wright and his minor cousin V.W.  (Ms.

17    Wright is also Ms. Morales's daughter, and V.W. is also Ms. Morales's grand-daughter.)

18    According to Plaintiffs, in or about July 2015, Defendants conspired to remove K.B. from the

19    Morales's home without cause.  Currently pending before the Court is a motion to dismiss filed by

20    K.B.'s minor cousin V.W.  Plaintiffs have asserted only one cause of action against V.W., namely,

21    a claim for intentional infliction of emotional distress ("IIED").  Having considered the parties'

22    briefs and accompanying submissions,[1] the Court hereby **GRANTS** the motion to dismiss.

23

24    _____

25    [1] After the hearing concluded, V.W. filed an administrative request asking for leave to file
      supplemental briefing.  Plaintiffs did not stipulate to the filing of supplemental briefing, even
26    taking into account V.W.'s statement that she is willing to give Plaintiffs an opportunity to file a
      responsive brief.  The Court **DENIES** V.W.'s motion.  V.W. has failed to state why she could not
27    have made any of the arguments or cited any authority contained in her supplemental brief as part
      of her original set of briefs (both the opening motion and the reply brief).  Moreover, based on the
28    Court's brief review of the proposed supplemental brief, it appears that the brief simply makes
      arguments that V.W. already made at the hearing and thus is effectively duplicative.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

# I.   DISCUSSION

A.   Legal Standard

V.W. has moved to dismiss the IIED claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  According to V.W., relief is proper under Rule 12(b)(6) because Plaintiffs have failed to state a claim for relief.

> To survive a motion to dismiss for failure to state a claim after the Supreme Court's decisions *in Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), [a plaintiff's] factual allegations [in the complaint] "must . . . suggest that the claim has at least a plausible chance of success."  In other words, [the] complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"
>
> . . . . [The Ninth Circuit has] settled on a two-step process for evaluating pleadings:
>
> > First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014).

Notably,

> [t]he plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility 'of entitlement to relief.'"

*Iqbal*, 556 U.S. at 678.

B.   Elements of IIED Claim

Under California law, the elements of IIED are as follows:

> (1) extreme and outrageous conduct by the defendant with the intention of  causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. . . .

2

**United States District Court**
For the Northern District of California

> Conduct to be outrageous must be so extreme as to exceed all
> bounds of that usually tolerated in a civil community.

*Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991) (internal quotation marks omitted).
In the instant case, V.W. argues that Plaintiffs have failed to plead a plausible IIED claim for
multiple reasons:

> (1)     Plaintiffs have failed to allege that V.W. *caused* Plaintiffs' asserted emotional
> distress.

> (2)     Plaintiffs have failed to allege that V.W. *intended* to harm Plaintiffs (as opposed to,
> e.g., intending to help K.B. as a possible victim of child abuse).

> (3)     Plaintiffs have failed to allege *extreme and outrageous conduct* by V.W.

> (4)     Plaintiffs cannot plead an IIED claim because V.W.'s reporting of child abuse is
> protected as a matter of law by California's Child Abuse and Neglect Reporting Act
> ("CANRA") and public policy.  *See* Cal. Pen. Code § 11172(a) ("Any other person
> reporting a known or suspected instance of child abuse or neglect shall not incur civil or
> criminal liability as a result of any report authorized by this article *unless* it can be proven
> that a false report was made and the person *knew that the report was false or was made
> with reckless disregard of the truth or falsity of the report*, and any person who makes a
> report of child abuse or neglect known to be false or with reckless disregard of the truth or
> falsity of the report is liable for any damages caused.") (emphasis added).

For the reasons stated below, the Court grants V.W.'s motion on the basis of Plaintiff's
failure to sufficiently establish (3).

C.     <u>Extreme and Outrageous Conduct</u>

As noted above, a cause of action for IIED requires a showing of conduct by the defendant
so extreme as to exceed all bounds of that usually tolerated in a civil community.  "Generally,
conduct will be found to be actionable where the 'recitation of the facts to an average member of
the community would arouse his resentment against the actor, and lead him to exclaim
"Outrageous!"'"  *KOVR-TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1028 (1995).
According to V.W., Plaintiffs have failed to allege extreme and outrageous conduct because there
are repeated allegations in the complaint that she was mentally fragile or unstable and manipulated

3

**United States District Court**
For the Northern District of California

by Ms. Wright and her friends to help them in their conspiracy to secure the removal of K.B. from Ms. Morales's care. *Cf. Newby v. Alto Riviera Apts.*, 60 Cal. App. 3d 288, 297 (1976) (noting that "[b]ehavior may be considered outrageous if a defendant . . . abuses a relation or position which gives him power to damage the plaintiff's interest").

At the hearing, Plaintiffs did not dispute that V.W.'s mental state would be relevant to the issue of extreme and outrageous conduct. Rather, they simply took the position that the issue should be left for the trier of fact to decide. *See, e.g.*, Tr. at 13 (in response to Court comment that "[s]houldn't [it] make some difference" if the defendant were "a minor, who barely crosses the threshold of capacity and all that, versus somebody who is sophisticated and know[s] exactly what they are doing and what the harm that's going to be inflicted," counsel for Plaintiffs stating that "I think that will make a difference" and then arguing that "down the road when there is more discovery and evidence, those distinctions can be made"). The Court is not persuaded. Plaintiffs have failed to explain how a reasonable fact finder could conclude that V.W.'s actions were extreme and outrageous based on the express allegations in the complaint that:

- V.W. was a minor who had "mental health issues," a fact that both Ms. Wright and her friends in the CPS unit knew. Compl. ¶ 56.
- V.W. was "young, impressionable, and psychologically fragile." Compl. ¶ 57.
- Ms. Wright and Ms. Buxton knew that "VW had recently been a patient in a locked psychiatric facility due to mental health issues and diagnosis from which she suffered and required psychotropic medications to address." Compl. ¶ 58; *see also* Compl. ¶ 92 (alleging that "VW had been in a mental health facility in February 2015, and . . . she had threatened to kill herself if she was not removed from her mother's home"; also alleging that "while VW was in the mental health facility she had been placed on psychotropic medications").
- To get V.W. to join the conspiracy, Ms. Wright and Ms. Buxton began to spend time with her and socialize with her; indeed, Ms. Wright even allowed V.W. to move in with her. *See* Compl. ¶ 57.

In short, the complaint paints a picture where V.W. – a young woman who was mentally fragile

**United States District Court**
For the Northern District of California

and even had to be institutionalized and given psychotropic drugs – was exploited by older persons who befriended her and/or on whom she was financially dependent.  The Court dismisses the IIED claim against V.W. because, taking the allegations in the complaint as true, Plaintiffs have failed to establish that V.W.'s conduct was extreme and outrageous.  *Compare Angie M. v. Superior Court*, 37 Cal. App. 4th 1217, 1226 (1995) (stating that "reasonable minds could certainly differ whether it is beyond the bounds of conduct to be tolerated in civilized society for a 48-year-old medical doctor to initiate and conduct an extended sexual relationship with a minor while encouraging her to break the law by providing her with alcohol and controlled substances and paying her to purchase such substances for him"), *with Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009) (holding that defendant was properly granted summary judgment on IIED claim because there was an insufficient showing of extreme and outrageous conduct; plaintiff, the wife of a decedent who had set up a trust, had alleged that defendant – the trustee for the decedent's trust – made comments indicating that he would take action on the trust favorable to her if she performed sexual favors for him and unfavorable if she did not).

The dismissal of the IIED claim is with prejudice.  Plaintiffs have not shown that they could make any additional allegations to cure the deficiency with the IIED – short of dropping allegations about V.W.'s mental state which they cannot, in good faith, do given their Rule 11 obligations to this Court.

///
///
///
///
///
///
///
///
///
///

## II.   CONCLUSION

Because Plaintiffs have failed to allege extreme and outrageous conduct sufficient to state a claim for IIED, the Court grants V.W.'s motion to dismiss.

Although the Court is dismissing V.W. as a defendant, this does not preclude her from participating in this litigation as a witness. In addition, although now just a witness and not a defendant, V.W. will continue to be represented by pro bono counsel during the remainder of this litigation.

This order disposes of Docket No. 58.

**IT IS SO ORDERED**.

Dated: July 27, 2017

_____
EDWARD M. CHEN
United States District Judge