Nancy K. Delaney, State Bar #70617
William F. Mitchell, State Bar #159831
MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502
Telephone: (707) 443-5643
Facsimile: (707) 444-9586
Email: ndelaney@mitchelllawfirm.com

Attorney for Defendants
*JANNEE DALE, LISA ALLISON,*
*BUFFEY WRIGHT and MIMI CABRAL*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MORALES, individually, and as Guardian Ad Litem for KB, and RUDOLFO MORALES, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF MENDOCINO, JANNEE DALE, LISA ALLISON, ROBIN BUXTON, BUFFEY WRIGHT, JENNIFER SOOKNE, MIMI CABRAL, SUSAN ROGERS, VW [minor], and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 16-CV-02429-EMC <br><br> DEFENDANTS' TRIAL BRIEF <br><br> Pre-Trial Conference: <br> DATE:  March 6, 2018 <br> TIME:   2:30 p.m. <br> CTRM:  5, 17th Floor, San Francisco <br> Honorable Edward M. Chen <br><br> Trial: <br> DATE:  April 2, 2018 <br> TIME:   8:30 a.m. |

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

DEFENDANTS' TRIAL BRIEF

1

2

# TABLE OF CONTENTS

3    I.    CLAIMS AND DEFENDANTS REMAINING.................................................1

4         Claims and Defendants by Dismissed by Plaintiffs..................................1

5         Claims Disposed of on Motion for Summary Judgment ..........................1

6         Claims Remaining Due to Factual Disputes ............................................2

7         Claims That Are Not Viable ...................................................................2

8         Rudolfo Morales .....................................................................................2

9         First Amendment Claim / Unlawful Interrogation (Claims 4 and 5).......3

10        Issues With Investigation .......................................................................4

11   II.   VOLUNTARY CONSENT – RELEVANT FACTORS ................................4

12   III.  LACK OF CONSENT – PLAINTIFFS HAVE THE BURDEN OF PROOF .........8

13   IV.   FOURTH AMENDMENT SEIZURE .........................................................8

14   V.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS............................9

15

16

17

18

19

20

21

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

i

1

## **TABLE OF AUTHORITIES**

2

3

*Belinda K. v. County of Alameda*. 2011 WL 2690356. at *7
 (N.D. Cal. July 8. 2011) ..................................................................................8

4

*Devereaux v. Abbey*, 263 F.3d 1070 (2001) ..........................................................4

5

*Huk v. County of Santa Barbara*, 650 Fed.Appx. 365 (9th Cir. 2016) .................3

6

*Kaur v. City of Lodi*, No. 2:14-CV-00828-TLN-AC, 2017 WL 2833403, at *17
 (E.D. 2017) ......................................................................................................3

7

8

*LaDuke v. Nelson*, 762 F.2d 1318 (9th Cir. 1985) ..............................................6, 7

9

*Larez v. Holcomb*, 16 F.3d 1513 (9th Cir. 1994) ..................................................8

10

*Lee v. County of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ...............................3

11

*Meyer v. Wilson*. No. CV-11-5138-RHW. 2013 WL 2295700. at *4 8
 (E.D. Wash. May 24. 2013) ............................................................................8

12

*Miller v. California*, 355 F.3d 1172 (9th Cir. 2004) ............................................3

13

*Myers v. Morris*, 810 F.2d 1437 (8th Cir. 1987) ..................................................4

14

*Orhorhaghe v. INS*, 38 F.3d 488 (9th Cir. 1994) ..................................................6

15

*Pavao v. Pagay*, 307 F.3d 915 (9th Cir. 2002) ......................................................8

16

*Ragan v. County of Humboldt*, 2017 WL 878083 (N.D. Cal. 2017) ...............3, 8

17

*Schneckloth v. Bustamonte*, 412 U.S. 218 (1973) ..............................................6, 7

18

*United States v. Castillo,* 866 F.2d 1071 (9th Cir.1989)....................................5, 6, 7

19

*United States v. Childs*, 944 F.2d 491 (9th Cir. 1991) ..........................................5

20

*United States v. Heimforth,* 493 F.2d 970 (9th Cir.1974).....................................7

21

*United States v. Iwai*, No. 15-00723 HG, 2016 WL 2770785, at *9
 (D. Haw. May 13, 2016) ...............................................................................6, 7

22

23

*United States v. Mendenhall,* 446 U.S. 544 (1980).................................................5

24

*United States v. Rosi*, 27 F.3d 409 (9th Cir. 1994) ................................................7

25

*United States v. Vandivere*, 15 F. App'x 447 (9th Cir. 2001) ...............................6

26

*Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000)..................................................8

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

### *California Cases*

*Dupree v. Apple, Inc.,* No. 16-CV-00289-LHK, 2017 WL 2617978, at *16–17
    (N.D. Cal. June 16, 2017) ...........................................................................................9

*Potter v. Firestone,* 6 Cal.4th 965 (1993) .........................................................................9

*Schild v. Rubin,* 232 Cal.App.3d 755 (1991) ....................................................................9

### *Federal Statutes*

42 U.S.C. § 1983    ............................................................................................................8

### *Other Authorities*

CACI 1602    ....................................................................................................................9

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

DEFENDANTS' TRIAL BRIEF

1    **I.     CLAIMS AND DEFENDANTS REMAINING**

2                    <u>Claims and Defendants by Dismissed by Plaintiffs</u>

3            Following the filing of defendants' motion for summary judgment, plaintiffs

4    have dismissed defendants Robin Buxton, Jennifer Sookne and Susan Rogers. Plaintiffs

5    also dismissed four claims from the complaint: Fourteenth Amendment Violation

6    regarding the interview of KB at school (Seventh cause of action); Conspiracy to

7    Intentionally Inflict Emotional Distress[1] (Eighth cause of action); Violation of State

8    Law of Confidentiality (Ninth cause of action); Violation of State Law Regulation -

9    minor held in Shelter for excessive time (Tenth Cause of Action); and Violation of

10   State Law – conspiracy to make false report (Eleventh Cause of Action).

11                    <u>Claims Disposed of on Motion for Summary Judgment</u>

12           In its Order Granting in Part and Denying In Part Defendants' Motion for

13   Summary Judgment, the Court granted summary judgment as to the following claims:

14   - First Cause of Action for violation of the Fourteenth Amendment Right to
15     Familial Association as to KB's initial removal under the Safety Plan;

16   - Second Cause of Action for Violation of the Fourth Amendment as to the
17     unlawful entry claim;

18   - Third Cause of Action for violation of the Fourteenth Amendment Right to
19     Familial Association as to KB's removal under the Safety Plan;

20   - Sixth Cause of Action for violation of the Fourteenth Amendment Right to
21     Familial Association as to providing KB with health care services while he was
22     housed in the Children's Shelter;

23   - Plaintiffs' §1983 claim for *Monell* liability against the County of Mendocino.

24

25

26

---

[1] The IIED claim remains as to defendant Buffey Wright only.

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1
<u>Claims Remaining Due to Factual Disputes</u>

2
The Court determined that factual disputes precluded granting summary

3
judgment as to the following claims:

4
- First Cause of Action for violation of the Fourteenth Amendment Right to

5
  Familial Association as to KB's placement in the Children's Shelter under the

6
  Voluntary Placement Agreement (Linda Morales and KB against Jannee Dale

7
  only);

8
- Second Cause of Action for Violation of the Fourth Amendment as to the

9
  "seizure pertaining to KB's removal under the Voluntary Placement Agreement"

10
  (KB against Jannee Dale only);

11
- Third Cause of Action for violation of the Fourteenth Amendment Right to

12
  Familial Association as to KB's placement and continued detention in the

13
  Children's Shelter under the Voluntary Placement Agreement  (Linda Morales

14
  and KB against Jannee Dale, Lisa Allison and Mimi Cabral);

15
- Eighth Cause of Action for Intentional Infliction of Emotional Distress (Linda

16
  Morales and KB against Buffey Wright only).

17
<u>Claims That Are Not Viable</u>

18
<u>Rudolfo Morales</u>

19
Defendants moved to dismiss Rudolfo Morales on summary judgment, arguing

20
that he had no cognizable constitutional interest as an alleged "grandfather figure" to

21
KB (Defendants' MSJ, Dkt. No. 76, p. 14).  This was not specifically addressed in the

22
MSJ Order, however, plaintiffs' counsel argued that as to plaintiff Rudolfo Morales, his

23
constitutional rights were violated by entry to the residence, he shares with Linda

24
Morales and KB.  This claim is no longer viable based on the Court's disposition of the

25
*Franks* claims.  As set forth in defendants' initial memorandum, and unchallenged by

26
plaintiffs, a grandparent without legal custody has no recognized constitutional right to

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2
DEFENDANTS' TRIAL BRIEF

1    association with respect to a grandchild – let alone a "grandfather figure." (*Miller v.*

2    *California*, 355 F3d 1172, 1175-77 (9th Cir. 2004); *Huk v. County of Santa Barbara*,

3    650 Fed.Appx. 365, 367 (9th Cir. 2016); *Ragan v. County of Humboldt*, 2017 WL

4    878083 (N.D. Cal. 2017).  Accordingly, Rudolfo Morales interrogation has no

5    remaining cognizable claim.

6                    First Amendment Claim / Unlawful Interrogation (Claims 4 and 5)

7            The MSJ Order also denied summary judgement as to Linda Morales' and KB's

8    claim for violation of their First Amendment rights with respect to the actions taken by

9    Dales pursuant to the "See and Speak" warrant, and their claim under the Fourteenth

10   Amendment for Dale's "unlawful interrogation" of KB, also pursuant to the "See and

11   Speak" warrant. The Order declined to grant summary judgment on these claims on the

12   grounds that these were not briefed by defendants.  However, defendants discussed that

13   plaintiffs' First Amendment claim (fourth cause of action) was not cognizable as a

14   matter of law in their memorandum – albeit in a footnote – an argument which plaintiffs

15   responded to in their opposition.  As set forth in defendants' memorandum, the Ninth

16   Circuit has held that  interference-with-familial association claims are cognizable under

17   the Fourteenth Amendment rather than the First Amendment, citing *Lee v. County of*

18   *Los Angeles*, 250 F.3d 668, 685-86 (9th Cir. 2001) and *Kaur v. City of Lodi*, No. 2:14-

19   CV-00828-TLN-AC, 2017 WL 2833403, at *17 (E.D. 2017).  Accordingly, defendants

20   respectfully submit that plaintiffs' First Amendment claim was in actuality redundant of

21   their Fourteenth Amendment claims, and necessary subject to same disposition.

22           Defendants also addressed the issue briefly mentioned in plaintiffs' fifth cause of

23   action, i.e., Dales' alleged "unlawful interrogation" of KB at the Morales home

24   pursuant to the "See and Speak" warrant, although defendants' did not specifically refer

25   to plaintiffs' fifth cause of action. Any claim that plaintiffs' constitutional rights were

26   violated when Dale spoke with KB is necessarily precluded by the issuance of the "See

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3
DEFENDANTS' TRIAL BRIEF

1    and Speak" warrant. (Defendants' memorandum, Dkt. No. 76, pp. 11-13.)  This Court

2    has determined that plaintiffs' challenge to issuance of that warrant (essentially, the

3    *Franks* claim) fails as a matter of law.  That warrant authorized Dale to enter the

4    Morales home and "see and speak" to KB to determine whether §300 proceedings

5    should commence. Accordingly, there is no legal basis for any "unlawful interrogation"

6    claim.

7                                    Issues With Investigation

8            Recent communications from plaintiffs' counsel suggest that plaintiffs

9    purportedly advance claims relative to the investigation conducted by defendants.  First,

10   no such cause of action is found in plaintiffs' Complaint.[2]  Secondly, although there

11   were things that remained to be done if the matter had proceeded to contested hearing,

12   the need for same was obviated by the Voluntary Placement Agreement.  Nor is there a

13   constitutionally protected right to have an investigation conducted in a particular

14   manner.  (Cf. *Devereaux v. Abbey*, 263 F.3d 1070 (2001), *citing*, *Myers v. Morris,* 810

15   F.2d 1437, 1460-61 (8th Cir. 1987) (discussing in detail this "grey area of investigative

16   procedure as to which there were, and probably still are, less than clearly established

17   legal norms.").)

18   **II.    VOLUNTARY CONSENT – RELEVANT FACTORS**

19           With the exception of the intentional infliction of emotion distress claim against

20   Buffey Wright, the central dispositive issue in this case is consent – more specifically,

21   whether Linda Morales' execution of the Voluntary Placement Agreement was not

22   voluntary.  The Court has disposed of plaintiffs' Fourteenth Amendment familial

23   association claim to the extent it is based on KB's stay at the Denton home pursuant to

24   the Safety Plan because Linda Morales' consent to this was unequivocal and voluntary

25

26   _____

[2] Had such a claim been advanced, defendants could have addressed it in their motion for summary judgment.

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

DEFENDANTS' TRIAL BRIEF

1 under the undisputed facts.  What remains is plaintiffs' interference with familial

2 association claim with respect to KB's "continued detention" in the Children's Shelter

3 pursuant to the Voluntary Placement agreement. As to this claim, the Court declined to

4 grant summary judgment on the ground that a triable question of fact remained as to

5 whether Linda Morales' initial consent was voluntary and whether she withdrew that

6 consent prior to the occasion when KB was returned.  (Dkt. No. 76, p. 13.)

7       The law with respect to the issue of Linda Morales' consent is informed by case

8 law addressing challenges to searches and seizures in criminal prosecutions.  Cases

9 uniformly hold that the "totality of the circumstances" must be considered in

10 determining whether consent is voluntary, and that no single factor controls. However,

11 several factors applicable to the facts of this case can be distilled from a review of

12 Supreme Court and Ninth Circuit cases.

13       With respect consent in this case, a critical fact which the jury should consider is

14 the "Voluntary Placement Agreement – Placement Request" signed by Linda Morales

15 on August 4, 2015.  By this agreement, Morales requested that KB be placed in a foster

16 care facility, i.e., the Children's Shelter. The reason for her request is stated on the

17 agreement as "Guardian could not handle [KB's] behavior anymore." (See attached

18 Agreement.) The signed agreement also states: *I understand that I can withdraw this*

19 *request or terminate this placement agreement at any time."* (Id., emphasis added.)

20       Courts have uniformly held that the signing of a consent agreement form, and

21 knowledge that it can be revoked or refused is "highly relevant" in determining whether

22 the consent was voluntarily given.  *United States v. Castillo,* 866 F.2d 1071, 1082 (9th

23 Cir.1989) ("Execution of a consent form is one factor that indicates

24 that consent was voluntary."); *United States v. Childs*, 944 F.2d 491, 496 (9th Cir.

25 1991) (" Knowledge of the right to refuse consent is highly relevant in determining

26 whether a consent is valid - citing *United States v. Mendenhall,* 446 U.S. 544, 558-59

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1  (1980); *United States v. Mendenhall,* 446 U.S. 544, 558–59 (1980) (knowledge of the

2  right to refuse consent is "highly relevant" in determining whether a consent is valid);

3  *United States v. Vandivere*, 15 F. App'x 447, 449–50 (9th Cir. 2001) (factors included

4  signing of written consent form and notation on form by defendant indicating right to

5  refuse consent to search); *Orhorhaghe v. INS,* 38 F.3d 488, 496 n. 12 (9th Cir.1994)

6  (noting that "the subject's knowledge of a right to refuse is a factor to be taken into

7  account" in the voluntariness determination) (quoting *Schneckloth,* 412 U.S. at 249, 93

8  S.Ct. 2041); *United States v. Iwai*, No. 15-00723 HG, 2016 WL 2770785, at *9 (D.

9  Haw. May 13, 2016)(signing of search consent form favored finding of voluntary

10  consent – citing *United States v. Castillo,* 866 F.2d at 1082)

11     In the criminal cases cited above, the reference to "right to refuse" consent is due

12  to the fact that a search consent or authorized a one-time search by law enforcement of

13  a home or vehicle. Here, although the Voluntary Placement Agreement did not

14  expressly state that Morales had the "right to refuse" consent, it had the equivalent

15  language in the context of an on-going placement (as opposed to a search): "I

16  understand that I can withdraw this request or terminate this placement agreement at

17  any time." More fundamentally, the form was entitled "*Voluntary* Placement

18  Agreement – Placement *Request*," which necessarily implies that the signer has a legal

19  right to refuse consent. (Emphasis added.)

20     Thus, the undisputed fact that Linda Morales signed the voluntary placement

21  form, which informed her, among other things, that she had the right to withdraw her

22  consent to K.B's placement *at any time* is highly relevant and indicates that her consent

23  was voluntary.

24     Another important factor to be considered is Linda Morales' knowledge

25  regarding her rights with respect to juvenile law and her relative "sophistication" in this

26  regard. *LaDuke v. Nelson*, 762 F.2d 1318, 1329–30 (9th Cir. 1985), amended, 796 F.2d

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

309 (9th Cir. 1986)(factors include "business sophistication");  *United States v. Heimforth,* 493 F.2d 970, 971 (9th Cir.1974)(sophistication of defendant is factor to be considered in voluntariness analysis); *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973) (factors include "the consenting individual's age, intelligence, education and language ability").

The "vulnerability" of the person giving consent is also a factor to be considered in determining whether the consent was voluntary or coerced. *LaDuke v. Nelson*, 762 F.2d at 1329–30 (factors include "vulnerable nature" of person giving consent as well as whether the authorities made a "show of force"). See also, MSJ Order, Dkt. No. 76, p. 10:19-20 (Factors to consider include "the words and actions of the officer, the sophistication or vulnerability of the person searched…").

In addition, the "cooperative nature" of the person giving consent is an important factor in the calculus of voluntariness.  *United States v. Rosi*, 27 F.3d 409, 412 (9th Cir. 1994)("Courts will infer consent from the cooperative attitude of a defendant."); *United States v. Iwai*, No. 15-00723 HG, 2016 WL 2770785, at *9 (D. Haw. May 13, 2016)(signing of search consent form favored finding of voluntary consent – citing *United States v. Castillo,* 866 F.2d at 1082); Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, Dkt. No. 76, p. 10:19-20 (Factors to consider include "the words and actions of the officer, the sophistication or vulnerability of the person searched…)

Here, the undisputed evidence will demonstrate that Linda Morales, who was the court-appointed legal guardian of KB and someone who had been the subject of a previous child-abuse investigation, was well-versed with respect to her rights as KB's guardian as well as his placement. She cannot be credibly portrayed as "unsophisticated" or "vulnerable" with respect to the Voluntary Placement Agreement or KB's continued detention at the Children's Shelter.

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

III.   **LACK OF CONSENT – PLAINTIFFS HAVE THE BURDEN OF PROOF**

Defendants are mindful that the government has the burden of proof on the issue of voluntary consent in a criminal search and seizure case. However, the Ninth Circuit holds that in a *civil case* brought under §1983, the plaintiff has the burden of proving lack of consent. *Larez v. Holcomb*, 16 F.3d 1513, 1516–17 (9th Cir. 1994) (holding that it was plaintiff's burden to prove consent was involuntary in civil case alleging unlawful search and seizure and stating that the plaintiff in a §1983 case "at all times had the ultimate burden" of proving her case); *Pavao v. Pagay*, 307 F.3d 915, 918–19 (9th Cir. 2002) ("In a criminal case, the government bears the burden of proving by a preponderance of the evidence that consent was freely and voluntarily given…. In a civil case under 42 U.S.C. § 1983, however, the plaintiff carries the ultimate burden of establishing each element of his or her claim, including lack of consent" – citing *Larez*, *inter alia*); *Meyer v. Wilson*, No. CV-11-5138-RHW, 2013 WL 2295700, at *4 (E.D. Wash. May 24, 2013) (same).

IV.   **FOURTH AMENDMENT SEIZURE**

As set forth in defendants' memorandum in support of summary judgment, claims of unlawful seizure in loss of familial association claims "should properly be assessed under the Fourteenth Amendment standard for interference with the right to family association.'" *Ragan v. Cty. of Humboldt Dep't of Health & Human Servs,* 2017 WL 878083, at *7 (dismissing vicarious Fourth Amendment claim of guardian without leave to amend, and quoting *Wallis v. Spencer*, 202 F.3d 1126, 1137 n. 8 (9th Cir. 2000); *see also Belinda K. v. County of Alameda*, 2011 WL 2690356, at *7 (N.D. Cal. July 8, 2011)). Accordingly, instructing the jury on Fourth Amendment seizure law with respect to KB's placement in the Children's Shelter would be erroneous.

Furthermore, if the jury finds that Linda Morales, as KB's guardian, consented to the Voluntary Placement agreement, and continued to do so while KB was in the

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8
DEFENDANTS' TRIAL BRIEF

1    Children's Shelter, neither KB nor Linda Morales can maintain a Fourth Amendment
2    seizure claim.

3    **V.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

4         Plaintiffs Linda Morales and KB seek damages against Buffy Wright for
5    intentional infliction of emotional distress.  Buffy Wright is Linda Morales' daughter
6    and KB's mother.  Plaintiffs' bar is set very high on their intentional infliction of
7    emotional distress claim.  In order to prevail, plaintiffs must prove that Buffy Wright
8    engaged in conduct that was "extreme and outrageous" which goes "beyond all
9    bounds of decency in order to intentionally inflict severe emotional distress on
10   plaintiffs." (CACI 1602;  *Potter v. Firestone*, 6 Cal.4[th] 965, 1000 (1993); *Schild*
11   *v. Rubin*, 232 Cal. App. 3d 755, 762–763 (1991) (defendant's conduct must
12   reasonably cause "such intense, enduring and nontrivial emotional distress that
13   no reasonable person in a civilized society should be expected to endure it");
14   *Dupree v. Apple, Inc.*, No. 16-CV-00289-LHK, 2017 WL 2617978, at *16–17
15   (N.D. Cal. June 16, 2017)(same).

16        Plaintiffs assert that Buffey Wright intentionally inflicted emotional distress on
17   them by, among other things, inducing VW to "manipulate" KB into making a false
18   abuse report and thereby depriving plaintiffs of the custody of KB.  VW vehemently
19   denied this at deposition and confirmed that her report was made because she witnessed
20   the abuse.  VW also used KB's telephone to make the report -- with his permission.
21   She denied that defendant Wright (or Robin Buxton) provided the telephone number of
22   CPS.

23        The jury will in all likelihood view Buffy Wright with sympathy and as the true
24   victim in this case. The evidence will show that Wright made the Solomon's choice to
25   dismiss her petition in the guardianship of K.B. and forego visitation with him while
26   continuing to provide financial support to him.  Wright provided health care services to

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

9

DEFENDANTS' TRIAL BRIEF

1   her brother Rodney Wright during his final illness and used the compensation for this

2   through IHHS to pay his bills.  Defendant Wright allowed VW to live with her (defendant

3   Wright) after the death of Rodney (VW's father), because VW's mother was homeless.

4       Buffey Wright was physically abused by both her parents and sexually abused by

5   her father for ten years, commencing at age 8.  Linda Morales divorced defendant

6   Wright's father but allowed him to return and live at the family residence from time to

7   time.  The evidence will also show that Wright succeeded in recovery from substance

8   abuse. has been gainfully employed for almost a decade and continues to pay child

9   support for KB.

10      To portray Buffey Wright as a despicable mother (or aunt) who engaged in

11  "extreme and outrageous" conduct in order to regain custody of K.B. and to inflict

12  emotional distress on plaintiffs is overreaching, to say the least. The evidence shows the

13  opposite to be true.

14  DATED:   February 13, 2018          MITCHELL, BRISSO, DELANEY & VRIEZE

15                                      By:  */s/ Nancy K. Delaney*

16                                           Nancy K. Delaney
                                             William Mitchell
17                                           Attorneys for County Defendants

18

19

20

21

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

DEFENDANTS' TRIAL BRIEF