UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MORALES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF MENDOCINO, et al.,<br><br>    Defendants. | Case No. 16-cv-02429-EMC<br><br>**ORDER RE OBJECTIONS TO JURY INSTRUCTIONS AND JURY VERDICT FORM**<br><br>Docket Nos. 150-53 |

A. <u>Plaintiffs' Objections to Jury Instructions (Docket No. 150)</u>

Plaintiffs object to Jury Instruction No. 16, which instructs on the law of intentional infliction of emotional distress ("IIED"). In Plaintiffs' view, the second element of IIED ("That the person intended to cause the plaintiff emotional distress") should also include this language from CACI 1600: "[That [name of defendant] acted with reckless disregard of the probability that [name of plaintiff] would suffer emotional distress, knowing that [name of plaintiff] was present when the conduct occurred;]." The Court agrees. *See Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 129-31 (2002); *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593-94 (1979), *superseded by statute on other grounds as recognized Melendez v. City of Los Angeles*, 63 Cal. App. 4th 1 (1998). However, the phrase "knowing that [name of plaintiff] was present when the conduct occurred" is inapplicable and would be confusing to the jury. Therefore, the Court proposes the insertion of this language: "or acted with reckless disregard of the probability that Ms. Morales would suffer emotional distress." Additionally, the Court proposes the insertion of CACI 1603, which instructs on the meaning of reckless disregard.

Plaintiffs object to Preliminary Jury Instruction No. 18 regarding deposition testimony. They argue that the instruction is no longer necessary because neither party will be using

deposition testimony. The instruction will not be given.

Plaintiffs object to Jury Instruction No. 9's inclusion of the original numbering of the claims. They argue that indication of the intentional infliction of emotional distress claim as Claim 8 would be confusing and potentially prejudicial. They request that Claim 8 be referred to as Claim 4 instead. The Court will renumber "Claim 8" to "Claim 4."

Plaintiffs object to Jury Instruction No. 14. They argue that the voluntary consent instruction should specify that consent to any removal "is only valid if the removal in question (taking the fact of consent into account) was lawful." They cite *United States v. Scott*, 450 F.3d 863, 868 (9th Cir. 2006) for support, arguing that the "unconstitutional conditions" doctrine applies. The doctrine does not apply. The unconstitutional conditions doctrine applies where a government official "exact[s] waivers of rights as a condition of benefits." *Scott*, 450 F.3d at 868. But Plaintiffs do not allege that Ms. Dale exacted Ms. Morales's consent to the Voluntary Placement Agreement by conditioning some benefit on her consent. The doctrine of unconstitutional conditions does not apply here.

B. <u>Defendants' Objections to Jury Instructions (Docket No. 152)</u>

Defendants request that Jury Instruction No. 14 on voluntary consent include two additional factors in the "totality of the circumstances" test. They first request the addition of "whether Ms. Morales was informed that she had the right to withdraw her consent at any time." The Court agrees. *See United States v. McWeeney*, 454 F.3d 1030, 1036-37 (9th Cir. 2006). The Court therefore intends to include the proposed language in Instruction No. 14.

Defendants also request that Instruction No. 14 include as a factor "the fact that Ms. Morales signed the Voluntary Placement Agreement." The Court agrees this is a factor. *See United States v. Childs*, 944 F.2d 491 (9th Cir. 1991), *United States v. Castillo*, 866 F.2d 1071 (9th Cir. 1989). However, to avoid stating facts in legal instruction, the Court proposes inserting the following language instead: "whether Ms. Morales signed a consent form." Moreover, by listing various specific factors, the Court wants to insure that no one factor is given undue weight. It will also add the following sentence: "No one factor is dispositive and you are to consider the totality of circumstances in determining voluntariness."

1          Defendants also state that they do not oppose the possibility of nominal damages for the

2   IIED claim. The Court will therefore adjust the jury instructions and verdict forms to reflect this.

3   C.     Plaintiffs' Objections to the Jury Verdict form (Docket No. 151)

4          Plaintiffs object to the inclusion of Robin Buxton and Jennifer Sookne regarding Buffey

5   Wright's liability for IIED. They argue that they need not prove that Ms. Buxton and Ms. Sookne

6   intentionally inflicted emotional distress to establish Ms. Wright's liability. As such, Plaintiffs

7   have therefore made clear they are no longer relying on a conspiracy claim as a basis to attribute

8   Ms. Buxton's and Ms. Sookne's conduct to Ms. Wright. Thus, the conspiracy instruction and

9   special verdict question is no longer needed and would only confuse the jury. The Court therefore

10  will remove the language Plaintiffs object to, as well as Jury Instruction No. 17, the corresponding

11  instruction on conspiracy.

12  D.     Defendants' Objections to the Jury Verdict Form (Docket No. 153)

13         Defendants suggest changes to the phrasing of questions regarding Ms. Morales's

14  withdrawal of consent (Claim 3). As proposed by the Court, the questions read: "Did Plaintiffs

15  prove by a preponderance of the evidence that Linda Morales informed [Jannee Dale, Lisa Allison,

16  or Mimi Cabral] between August 4, 2015, and September 25, 2015, that she withdrew her consent

17  to the continued placement of K.B. with the County of Mendocino Child Welfare Department

18  and/or asked to have K.B. returned to her, and that [Jannee Dale, Lisa Allison, or Mimi Cabral]

19  denied or ignored Linda Morales's request, thus violating Linda Morales' and K.B.'s

20  constitutional rights?" Defendants suggest changing "informed" to "communicated to," and

21  specifying that the request would be for the "immediate" return for K.B. Defendants also request

22  that the language regarding denial or ignoring the request be removed. By removing that

23  language, the final phrase will need to be grammatically corrected. In addition, the Court proposes

24  changing "September 25" to "September 24," since Ms. Morales's contact on September 25 was

25  successful in obtaining the return of K.B. *See* Docket No. 1 ¶¶ 147-48. The Court's revised

26  proposed language is attached.

27         Defendants also request that the addition of questions regarding whether Defendants acted

28  with "malice, oppression, or reckless disregard" of Plaintiffs' rights. Defendants argue that these

3

questions are necessary prerequisites to Question 7, which asks the jury to determine the amount of punitive damages. Defendants' proposed questions are unnecessary, as the jury instruction on punitive damages already instructs the jury regarding the need to find malice, oppression, or reckless disregard in order to award punitive damages.

Finally, Defendants agree with Plaintiffs that Questions 9, 10, 13, and 14 are unnecessary. Those questions regard whether Robin Buxton and Jennifer Sookne committed IIED and conspired with Buffey Wright to do so. Given the parties' agreement, the Court shall remove these questions and alter the jury instructions accordingly.

E.     <u>Further Objections</u>

The modified proposed jury instructions and verdict form are attached to this order, with modifications highlighted in green. Any further objections to the instructions or verdict form shall be filed by 12:00 Noon, March 30, 2018. Objections shall be limited to the changes made by the Court as detailed above.

**IT IS SO ORDERED**.

Dated: March 29, 2018

_____
EDWARD M. CHEN
United States District Judge