UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MORALES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JANNEE DALE, et al.,<br><br>    Defendants. | Case No. 16-cv-02429-EMC<br><br>**ORDER APPORTIONING DAMAGES** |

In this § 1983 case, the jury found for Plaintiffs Linda Morales and K.B. and against Defendants Jannee Dale and Lisa Allison. The jury awarded Morales $59,000 and awarded K.B. $29,500. The question of apportionment of these damages between the two Defendants is now before the Court. *See* Docket No. 184.

## I.    LEGAL BACKGROUND

Apportionment is guided by "common law principles of torts in general, and the Restatement in particular." *United States v. Burlington*, 520 F.3d 918, 935 (9th Cir. 2008), *rev'd on other grounds*, 556 U.S. 599 (2009). Under the principles set forth in the Restatement (Second) of Torts, § 433A, "harm may be apportioned when 'there exists a reasonable basis for divisibility' of a single harm or when several 'distinct harms' are present." *Id.* at 936 (quoting *United States v. Hercules*, 247 F.3d 706, 717 (8th Cir. 2001)). The "reasonable basis" must be "founded in record evidence." *Id.* at 936-37.

Where "the concurrent actions of all defendants" was necessary to inflict the harm, the harm is "clearly indivisible," and damages should not be apportioned. *Hazle v. Crofoot*, 727 F.3d 983, 995 (9th Cir. 2013) (citing *Rudelson v. United States*, 602 F.2d 1326, 1332 (9th Cir. 1979) (an injury is indivisible when, "[h]ad any one of the defendants exercised due care, none of the

injuries would have occurred")).

## II. APPLICATION

The jury found that Dale violated Morales and K.B.'s rights on August 4 by keeping them separated. The jury further found that Allison violated Morales and K.B.'s rights by failing to return K.B. to Morales when Morales requested that she do so. The verdict did not specify when Morales made that request. However, Morales testified that she spoke with Allison on August 13, 2015, and demanded K.B. back. Given this testimony and given that the jury appears to have credited Morales's testimony regarding her interactions with Allison, there is a "reasonable basis" to apportion damages based on the August 13 date.

K.B.'s detention from August 4 to August 13 was caused purely by Dale. Therefore, Dale is individually liable for the proportion of the damages represented by that time period. But damages from August 13 to the end of the detention on September 28 are indivisible, because the unlawful behavior of both Dale and Allison was required to inflict the harm. If Dale had not coerced Morales, or if Allison had heeded Morales's request, K.B. and Morales would not have suffered that period of harm.

August 4 to September 28 was 56 days. Dale is individually liable for August 4 to August 12, which was 9 days, or 16.07% of the detention. Dale and Allison are jointly and severally liable for the remaining 47 days, or 83.93% of the detention.

Morales was awarded $59,000. Dale is therefore individually liable for $9,481.30 of that amount. Dale and Allison are jointly and severally liable for the remaining $49,518.70.

K.B. was awarded $29,500. Dale is individually liable for $4,740.65 of that amount. Dale and Allison are jointly and severally liable for the remaining $24,759.35.

**IT IS SO ORDERED**.

Dated: April 27, 2018

_____
EDWARD M. CHEN
United States District Judge

2